# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEDERICK OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-15-1106-R |
| | ) |
| ISRAEL SOTO, a/k/a YSRAEL SOTO, | ) |
| CRST INTERNATIONAL, INC. and | ) |
| CRST EXPEDITED, INC., d/b/a CRST, | ) |
| INC., and CRST, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant CRST Expedited, Inc, d/b/a CRST, Inc ("CRST"), has filed Motion for Partial Summary Judgment (Doc. No 16), addressing independent liability under *Jordan v. Cates*, 935 P.2d 289 (Okla. 1991). Plaintiff objects to the motion. (Doc. No. 17). The Court has considered the parties' submissions and find as follows.

Plaintiff alleges that he was injured on October 26, 2013, when Defendant Soto, driving a tractor-trailer in the parking lot of a truck stop in Oklahoma City, on behalf of Defendant CRST, hit the tractor-trailer where Plaintiff was asleep in the sleeper berth. Plaintiff alleged Defendant Soto was negligent in his driving, and further that Defendant Soto was driving on behalf of and in the course and scope of his employment for Defendant CRST. Plaintiff alleges Defendant CRST was negligent in hiring, training, and supervising Defendant Soto. Defendant CRST seeks summary judgment on these claims, premised on its admission that Defendant Soto was acting within the scope of his employment at the time

of the accident.

The availability of independent claims of negligence against an employer who admits *respondeat superior* liability is not novel and has been addressed frequently in this Court. Plaintiff's argument has been considered many times by federal courts since the pronouncement in *Jordan v. Cates*, with nearly unanimous results. *See Landreville v. Joe Brown Co.*, 2009 WL 1437801 (E.D.Okla. May 21, 2009)(granting summary judgment to employer and declining request to limit *Jordan* to intentional torts and request to certify); *Huntley v. City of Owasso*, 497 Fed.Appx. 826, *834 (10th Cir. 2012)("So if Mr. Huntley prevails, it will be either on vicarious liability or on these other negligence claims; it cannot be on both."); *Chamberlain v. Thomas*, 2012 WL 4355908, *1 (W.D.Okla. 2012)("[I]f an employer stipulates its employee is acting within the scope of employment at the time of the underlying tort and that punitive damages are available against it on the basis of respondeat superior, then an additional claim against it on the basis of negligent hiring is unavailable."); *Simpson v. Kaya*, 2012 WL 3518037, *3 (W.D.Okla.2012) (applying *Jordan* to bar negligent hiring and entrustment claims when employer stipulated to its liability for employee's allegedly negligent driving); *Johnson v. Dillard's, Inc.*, 2005 WL 2372153, *6 (W.D.Okla. 2005)("Although defendant generally denied these allegations in its answer, it admits in its brief that its sales associate, Jodee, was at all relevant times acting within the scope of her employment for defendant. Accordingly, defendant's liability, if any, must be based upon respondeat superior or vicarious in nature; the theory of negligent hiring and/or retention by defendant is not available to plaintiffs as a basis for recovery against defendant"); *Morris v.*

*City of Sapulpa*, 2011 WL 1627098, *16 (N.D.Okla. 2011)("Because the City stipulates that Noe was acting within the scope of his employment, and that vicarious liability pursuant to the respondeat superior doctrine is therefore applicable, the cause of action for negligent hiring, training, and supervision is not available."); *Resler v. JKC Trucking Inc.*, 13-1005-HE (May 2, 2014)(granting protective order limiting the scope of deposition of corporate representative to exclude matters related only to potential claims for negligent hiring and retention, which were irrelevant); *Welchel v. Transcontinental Refrigerated Lines, Inc.*, CIV-02-956-M (March 11, 2014); *Mason v. Dunn*, 2015 WL 5690746, *1 (E.D.Okla. Sept. 28, 2015)(granting summary judgment on claims of negligent hiring, training and supervision in light of admission that employee was acting within the scope of his employment)

> Furthermore, a determination that Oklahoma law forecloses Plaintiff's direct liability claims "is supported by the majority of authorities addressing the issue under Oklahoma law." *Avery v. Roadrunner Transp. Servs., Inc.*, No. CIV–11–1203–D, 2012 WL 6016899, *3 (W.D.Okla. Dec. 3, 2012) ( citing *Johnny v. Bornowski*, No. 10–04008–CV–FJG, 2012 WL 13723, *2 (W.D.Mo. Jan. 4, 2012); *Dowuona–Hammond v. Integris Health*, No. CIV–10–965–C, 2011 WL 134923, *3 (W.D.Okla. Jan. 14, 2011); *Landreville v. Joe Brown Co., Inc.*, No. CIV–08–171–KEW, 2009 WL 1437801, *3 (E.D.Okla. May 21, 2009); *Aldridge v. Indian Elec. Co-op.*, No. 07–CV–633–HDC–PJC, 2008 WL 1777480, *8 (N.D.Okla. Apr. 17, 2008)). This Court already has rejected Plaintiff's argument that *Jordan* is limited to claims based on employees' intentional torts. *See Avery*. No. CIV–11–1203–D, 2012 WL 6016899, *3 ("*Jordan* is not limited to cases involving intentional torts."); see also *Bryson v. Sierra Metals, Inc.*, No. CIV–12–839–C, 2013 WL 1397826, *1 (W.D.Okla. Mar. 25, 2013) (describing the distinction as "artificial").

*Fisher v. National Progressive, Inc.*, 2014 WL 7399185, *2 (W.D.Okla. 2014). The Court finds nothing in Plaintiff's brief that convinces it to depart from its prior holdings or the holdings of other courts as set forth above with regard to claims of negligent hiring, and

3

supervision of Mr. Soto.

In response to the Defendant's motion Plaintiff asserts that the claims recognized as distinct and separate causes of action under Oklahoma law. However, "the mere fact that negligent TSE/R is a recognized and independent cause of action under Oklahoma law is immaterial to the question concerning under what circumstances it may be maintained in a given lawsuit." *Avery*, 2012 WL 6016899, at *3. Additionally, the argument that Plaintiff can avoid summary judgment because he is permitted to proceed to trial on alternative theories does not assist him in avoiding summary judgment. *See Id.* ("Rule 8 is a pleading standard and the fact that a plaintiff may plead claims in the alternative is immaterial to whether a defendant is subsequently entitled to judgment as a matter of law on any one particular claim.").

Plaintiff also contends that the applicable federal regulations, the Federal Motor Carrier Safety Regulations ("FMCSR"), preempt application of *Jordan v. Cates*. Plaintiff correctly notes that state law in actual conflict with federal law will be subject to preemption. However, the absence of a claim for direct liability for negligent entrustment, supervision, hiring and training in this context does not conflict with federal law, because the regulations do not provide a private cause of action. *See Mason v. Dunn*, No. CIV-14-282-KEW, 2015 WL 5690746, at *3 (E.D.Okla. Sept. 28, 2015); *Schramm v. Foster*, 341 F.Supp.2d 536, 547 (D.Md.2004) (Motor Carrier Safety Act and FMCSR do "not create a private right of action for personal injuries); *Lipscomb v. Zurich Am. Ins. Co.*, 2012 WL 1902595 (E.D.La.2002) (Neither the Federal Motor Carrier Safety Regulations nor the Federal Motor Carrier Safety

Act creates a private cause of action). Application of *Jordan v. Cates*, however, does not absolve a carrier of its legal obligation to comport with federal regulations simply because it eliminates direct liability under certain circumstances.

For the reasons set forth above, Defendant's Motion for Partial Summary Judgment is granted with regard to Plaintiff's claims against Defendant CRST.

IT IS SO ORDERED this 29th day of February, 2016.

*[signature]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE